IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16-cr-00143-DGK-6 |
| FRANK A. GARNER, JR., | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582

On August 14, 2018, Defendant pled guilty to Conspiracy to Commit Robbery, in violation of 18 U.S.C. § 1951(a); Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C), and 2. ECF No. 135. The Court sentenced Defendant to sixty months' imprisonment followed by three years of supervised release and additionally ordered him to pay restitution. *See* J&C, ECF No. 316. On May 19, 2023, the Court revoked Defendant's supervised release, in part, for failure to make restitution payments and sentenced Defendant to thirty-six months' imprisonment with no supervision to follow. *See* Second J&C, ECF No. 408.

Now before the Court is Defendant's pro se motion for compassionate release and to reduce his sentence pursuant to Part A of Amendment 821 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). ECF No. 425. The Government opposes the motion. ECF No. 429.

First, "[o]nly a term of imprisonment imposed as part of the original sentence" may be reduced under Amendment 821; Amendment 821 "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 cmt. n.8(A). Because Defendant is currently serving a term of imprisonment imposed upon revocation of

supervised release, Amendment 821 is inapplicable. Accordingly, this part of the motion is DENIED.

Second, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is also DENIED. As an initial matter, Defendant has not demonstrated that he administratively exhausted his remedies as required by § 3582(c)(1)(A), so the motion is denied on this basis. Even assuming Defendant exhausted his administrative remedies, however, the Court would still deny the motion.

Defendant argues the following present extraordinary and compelling reasons warranting release: (1) he needs to help his fiancée care for their child; and (2) he is rehabilitated by virtue of completing many educational programs, maintaining employment in prison, and having a release plan. While the Court applauds Defendant's desire to care for his child and participate in rehabilitation programs and maintain employment, these reasons are not "extraordinary and compelling reasons warrant[ing] such a [sentence] reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

In addition to the lack of compelling circumstances above, consideration of the factors under § 3553(a) favor denying the motion. As the Court stated in its Order denying Defendant's first motion for compassionate release, ECF No. 349, Defendant would be a danger to the community if released early. Defendant pled guilty to three charges after participating in an armed robbery of a convenience store, and Defendant was convicted of domestic assault and destruction of property in the past after shooting a firearm at a vehicle occupied by three women, one of which he was dating at the time. Further, Defendant's history and characteristics show he violated his bond multiple times and his term of supervised release. Defendant's current sentence reflects the seriousness of the offense and promotes respect for the law. Accordingly, Defendant's motion for compassionate release is DENIED.

**IT IS SO ORDERED.**

Dated: May 28, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT JUDGE